### STATE v. JOE STAFFORD.

(Filed 7 December, 1932.)

**Criminal Law L a—Motion to reinstate appeal will not be allowed where appeal, although dismissed, was considered on its merits.**

　　Where an appeal, dismissed for a defect in the record, is considered on its merits notwithstanding the defect, the prisoner's motion to reinstate his appeal will be disallowed, since reinstatement could serve no useful purpose.

MOTION by prisoner to reinstate appeal, to the end that record may be completed and case considered on its merits.

*Walter G. Sheppard and John D. Langston for movant.*

STACY, C. J. Even if it were permissible for the prisoner to supply the defect in the record by filing affidavit of insolvency here, which it is not (*S. v. Parish,* 151 N. C., 659, 65 S. E., 762), or if we should regard the present motion as an application for writ of *certiorari* to bring up the appeal, it would avail the prisoner nothing, for, as previously stated, the case was considered on its merits, notwithstanding the defects in the record, and no reversible error discovered.

　　The reasons assigned by counsel for the condition of the record are quite sufficient to acquit them of any neglect, but it would serve no useful purpose to redocket the case only to affirm it again.

　　Motion disallowed.